T.C. Memo. 2010-243

UNITED STATES TAX COURT

ASSURED SOURCE, INC., A MICHIGAN CORPORATION, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 4658-09L.              Filed November 2, 2010.

<u>Joseph Falcone</u>, for petitioner.

<u>Rebecca M. Clark</u>, for respondent.

MEMORANDUM OPINION

PARIS, <u>Judge</u>:  On February 6, 2009, respondent mailed to
petitioner a Notice of Determination Concerning Collection
Action(s) Under Section 6320 and/or 6330 (notice of
determination) which sustained respondent's proposed levy to
collect petitioner's assessed liabilities for trust fund recovery
penalties for tax periods ending March 31, June 30, and September

30, 2007.  The parties stipulate that the only issue for decision is whether respondent abused his discretion by refusing to consider collection alternatives during a collection due process (CDP) hearing when petitioner was not in compliance with all of its tax return filing requirements on the date of the CDP hearing.

## Background

This case has been submitted under Rule 122.[1]  The facts and exhibits have been stipulated and are incorporated herein by reference.  At the time the petition was filed, petitioner's mailing address was in Troy, Michigan.

Petitioner, a holding company of several limited liability companies that engaged in employee leasing, and the responsible party in this case, is a Delaware corporation with its principal place of business in Michigan.  On February 19, 2008, respondent sent to petitioner a Letter 1153, Trust Funds Recovery Penalty Letter, informing petitioner of his intent to assess against it trust fund recovery penalties under section 6672 because of its failure to withhold and pay employment taxes of one of its subsidiaries, Assured Source National, L.L.C. (ASN),[2] for the

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2]The Court notes that ASN was the employer in this case. Petitioner is the responsible party for ASN.

first three quarters of 2007.  The Letter 1153 gave petitioner 60 days to file a protest of the proposed assessments of the penalties.  Petitioner failed to file a protest, and the penalties were assessed.

On August 12, 2008, respondent sent to petitioner a Final Notice--Notice of Intent to Levy and Notice of Your Right to a Hearing with respect to the assessed penalties.  On September 10, 2008, petitioner timely filed a Form 12153, Request for a Collection Due Process or Equivalent Hearing, in which it stated that its liabilities for the penalties had been paid through voluntary payments, it had submitted a request for abatement on Form 843, Claim for Refund and Request for Abatement, and the collection activity had been stayed.[3]

On October 21, 2008, the settlement officer (SO) sent to petitioner a letter which scheduled a telephone CDP hearing and also informed petitioner that it had to provide a Form 433-B, Collection Information Statement for Businesses, if it wanted to be considered for any collection alternatives.  Petitioner was also given an opportunity to identify and substantiate any

---

[3]The record reflects that during or before September of 2009, petitioner voluntarily sent to the IRS 10 checks for $20,000 each in partial payment of its outstanding trust fund liabilities.  However, as of October 2009, when the case was submitted to the Court, the balance of the trust fund liability for the tax period ending Mar. 31, 2007, was $12,142.72 plus interest; for the tax period ending June 30, 2007, was $296,552.47 plus interest; and for the tax period ending Sept. 31, 2007, was $228,717.18 plus interest.

payments of the penalty assessments and was offered a face-to-face hearing.  Petitioner submitted to the Internal Revenue Service (IRS) a Form 843, Claim for Refund and Request for Abatement; however, petitioner failed to submit the required bond with that form.  Consequently, respondent did not process the claim.

On November 12, 2008, petitioner requested a postponement of the CDP hearing as it was working on an installment agreement with a revenue officer (RO).  The SO sent petitioner a letter by facsimile rescheduling the hearing for December 2, 2008, and confirming her conversation with petitioner that if it could work out an arrangement with the RO, petitioner would withdraw the request for a CDP hearing.  The letter also informed petitioner that in order for the SO to consider any collection alternatives, she needed, before the hearing, a copy of petitioner's Form 1120, U.S. Corporation Income Tax Return, for tax year 2007 and Form 433-B with all the required attachments such as bank and loan statements.

On December 2, 2008, petitioner contacted the SO to request another postponement of the CDP hearing because it was still working with the RO on an installment agreement.  The SO reminded petitioner that by December 4, 2008, the date on which the hearing was to take place, it had to provide the requested financial information and a Form 1120 for tax year 2007;

otherwise, it would not be considered for collection alternatives.

On December 4, 2008, a telephone CDP hearing was held between the parties. However, petitioner had submitted neither the requested financial information nor a Form 433-B to the SO by that date. In addition, petitioner had yet to file a Form 1120 for tax year 2007.[4]

On February 6, 2009, respondent mailed to petitioner the notice of determination upholding the proposed levy to collect the penalty assessments for the tax periods at issue. Petitioner timely filed a petition with this Court on February 26, 2009.

## Discussion

### A. Standard of Review

Under section 6331, if a person liable to pay any tax neglects or refuses to pay the same within 10 days after notice and demand, it shall be lawful for the Secretary to collect such tax by levy upon all property and rights to property belonging to such person. A taxpayer may appeal the proposed levy to the IRS under section 6330 by requesting an administrative hearing. If the hearing culminates in an adverse determination, the taxpayer

---

[4]While petitioner's Form 1120 for tax year 2007 was originally due on Mar. 15, 2008, petitioner was granted an extension to file it on or before Sept. 15, 2008. On Feb. 15, 2009, petitioner faxed an unsigned copy of the Form 1120 for tax year 2007 to the SO. Petitioner did not file its Form 1120 for tax year 2007, which showed no income tax due, until Apr. 23, 2009.

is afforded the opportunity for judicial review of the determination in the Tax Court pursuant to section 6330(d). Petitioner seeks review of respondent's determination. Where the validity of the underlying tax liability is properly at issue, the Court will review the matter de novo. Davis v. Commissioner, 115 T.C. 35, 39 (2000). Where the underlying tax liability is not properly at issue, the Court will review the Commissioner's administrative determination for abuse of discretion. Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 181-182 (2000).

The Court has described review for "abuse of discretion" as entailing an inquiry whether the determination is arbitrary, capricious, clearly unlawful, or without sound basis in fact or law. See Woodral v. Commissioner, 112 T.C. 19, 23 (1999).

B. Abuse of Discretion

Petitioner contends that respondent's refusal to consider a collection alternative because petitioner had not filed its 2007 income tax return was unreasonable and an abuse of discretion. The IRS' decision not to process an offer-in-compromise or other proposed collection alternative from a taxpayer who has not filed all required tax returns is generally not an abuse of discretion. See Giamelli v. Commissioner, 129 T.C. 107, 111-112 (2007); Collier v. Commissioner, T.C. Memo. 2004-171.

The parties stipulated that "the basis for denying the collection alternatives was petitioner's failure to comply with the filing requirements." The parties further stipulated that "Petitioner failed to become compliant with its 1120 filings during the [CDP] hearing." The record reflects that during the course of the hearing the SO repeatedly advised petitioner that in order for collection alternatives to be considered, it had to file its overdue corporate income tax return for tax year 2007, which was due September 15, 2008, and submit on Form 433-B sufficient financial information to permit its ability to pay the trust fund penalty assessment to be evaluated. Petitioner, however, failed to submit the Form 1120 for tax year 2007 until April 23, 2009--more than 75 days after the issuance of the notice of determination. See Murphy v. Commissioner, 125 T.C. 301, 314-315 (2005) (the dilatory submission of a tax return in no respect supports petitioner's claim that the SO abused her discretion), affd. 469 F.3d 27 (1st Cir. 2006). Nor did petitioner submit the requisite financial information to the SO. Consequently, this Court finds that respondent did not abuse his discretion by declining to entertain a collection alternative during the hearing.

C. Balancing Test Under Section 6330(c)(3)(C)

On brief petitioner also contends that respondent abused his discretion because the SO failed to engage in an analysis of

"whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the * * * [taxpayer] that any collection action be no more intrusive than necessary" under section 6330(c)(3)(C).  IRS guidelines require a taxpayer to be current with filing and payment requirements to qualify for an installment agreement.  Internal Revenue Manual pt. 5.14.1.2(8)(F) (Sept. 26, 2008).  The Court has many times upheld, as within his discretion, the Commissioner's decisions not to process offers-in-compromise or other proposed collection alternatives from taxpayers who have not filed all required tax returns.  See, e.g., Collier v. Commissioner, supra; Londono v. Commissioner, T.C. Memo. 2003-99; Ashley v. Commissioner, T.C. Memo. 2002-286.  Petitioner has offered no explanation for its delinquent filing of its corporation income tax return for 2007.  Despite being provided with opportunities to do so, petitioner did not comply with the SO's requests to file that return and to submit the financial information needed for the SO to entertain a reasonable collection alternative.  Because petitioner was not in compliance with its filing requirements and submitted no financial information, this Court finds that respondent did not abuse his discretion in declining to consider collection alternatives, nor

in determining to proceed with the levy to collect petitioner's outstanding liabilities for trust fund assessments.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.